Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6990 | **DATE** | APR 0 4 2003 |
| **CASE TITLE** | Marlon Hammond, #B-16387 vs. Warden Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the accompanying Memorandum Opinion and order, the defendants' motion to dismiss [#14] denied. The defendants are directed to answer the complaint or otherwise plead within twenty-one days of the date of this order.

■ (See attached Memorandum Opinion and Order)

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 07 2003 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mjm | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
APR 7 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLON HAMMOND, #B-16387, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 02 C 6990 |
| KENNETH BRILEY, et al. | ) ) HONORABLE JOAN H. LEFKOW |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, two officers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by subjecting him to cruel and unusual conditions of confinement and by acting with deliberate indifference to his medical needs. This matter is before the court for consideration of the defendants' motion to dismiss. For the reasons stated in this order, the motion will be denied.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520, *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most

19

favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F. Supp. 2d 979, 980 (C.D. Ill. 1998).

## FACTS

The plaintiff is a state prisoner, confined at the Stateville Correctional Center at all times relevant to this action. The defendant Daniel Artl is a correctional officer at Stateville. The defendant Kenneth Agnew is a prison captain.[1]

The plaintiff alleges the following facts, which will be accepted as true for purposes of this motion: On May 8, 2002, the plaintiff was temporarily transferred to the Stateville Correctional Center, where he was held while on a court writ. Upon their arrival, the plaintiff and his cellmate immediately noticed that the cell lacked both lights and hot water. In the ensuing days, the two inmates repeatedly requested that the defendants and other correctional officers either move them to a different cell or have the problems in their cell fixed. The defendants ignored the plaintiff's repeated entreaties even though they were aware that he was suffering from "massive" headaches and dizziness and was unable to read religious or legal materials due to the lack of light. The defendant Artl and other correctional officers informed the plaintiff that lights and hot water were "a privilege" in that housing unit. A nurse informed the plaintiff that the cell had been "condemned."

---

[1] By Minute Order of October 7, 2002, the court dismissed the complaint as to Warden Kenneth Briley pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of personal involvement/no cause of action arising from the inmate grievance process.

The plaintiff additionally maintains that he had an eye exam shortly before the transfer, which revealed that he needed a stronger prescription for eyeglasses. Prison officials [the complaint does not make clear whether it was the named defendants] nevertheless denied him access to an eye doctor during the time period in question. The plaintiff spent three weeks in the cell without lights or hot water and without medical attention. He was transferred to another facility once the court proceedings were over.

## DISCUSSION

The Eighth Amendment imposes on prison officials the duty to "provide humane conditions of confinement...." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, prison conditions violate the Eighth Amendment only when they exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994), *citing Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

In order to establish Eighth Amendment liability, a plaintiff must meet two requirements: first, he must show that the challenged conditions of confinement were objectively so serious as to amount to the denial of a basic human need; second, he must show that the defendant official acted with deliberate indifference. *Farmer*, 511 U.S. at 834. As the Court of Appeals has explained, "the Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only to that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). In this case, the plaintiff has articulated sufficient facts to state a prima facie case; he has alleged both objectively grievous conditions and subjective disregard for his discomfort. While perhaps a somewhat close call, it is not the

3

case that the plaintiff could prove "no set of facts . . . which would entitle him to relief" under 42 U.S.C. § 1983. *Haines*, 404 U.S. at 521. The record will require further development before the court can determine whether the plaintiff's deprivations crossed the line from "inconvenience and discomfort" to the level of a denial of basic human needs. *See, e.g., Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir.), 484 U.S. 935 (1987); *Neal v. Clark*, 938 F. Supp. 484, 486 (N.D. Ill. 1996) (Alesia, J.).

Although the court previously noted that the plaintiff's claims are borderline, *see* Minute Order of October 7, 2002, the merits of this case are better addressed by way of a motion for summary judgment. The complaint states that the prison was on "lockdown" during the relevant time period, but the ramifications of a lockdown are unclear. For example, it is unclear at this point how much time, if any, the plaintiff spent outside his cell; whether there was ambient artificial or natural light that shone into the cell; and whether the plaintiff had the opportunity to take a hot shower at least once a week. Such considerations may affect the ultimate determination of whether the plaintiff's conditions fell below Eighth Amendment acceptability. *Contrast Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) ("inmates cannot expect the amenities, conveniences and services of a good hotel"), with *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (Eighth Amendment violated where prison conditions were "strikingly reminiscent of the Black Hole of Calcutta"). While a more fully developed record may establish that the plaintiff's temporary deprivations did not rise to the level of a constitutional violation, the plaintiff's allegations are sufficient to survive a motion to dismiss the complaint for failure to state a claim. The plaintiff may proceed on his claim that he was placed in a "condemned" cell that lacked lights and hot water.

4

The motion to dismiss is likewise denied as to the plaintiff's claim that he was denied medical attention. It is well settled that a prison guard's deliberate indifference to an inmate's serious medical condition violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). As with conditions claims, deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard a risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837; *Sherrod*, 223 F.3d at 610. In this case, the plaintiff has made a preliminary showing of both prongs.

Again, it is questionable whether the plaintiff's need for stronger eyeglasses amounted to a "serious" medical need. The fact that the delay in seeing an eye doctor was only temporary weakens the plaintiff's constitutional claim; on the other hand, his assertions that he suffered from "massive" headaches and dizziness, that he was completely unable to read, that the defendants knew of his suffering, and that the lack of medical attention caused permanent injury–if such allegations can be sustained by competent medical authority–all support an inference that the defendants were deliberately indifferent to a serious medical need. *Compare v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000) (inflamed appendix was objectively serious); *Zentmeyer v. Kendall County*, 220 F.3d 805, 810 (7th Cir. 2000) (an ear infection, though a "common malady," could be deemed objectively serious where it "inflicted prolonged suffering" and required extensive treatment); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (a condition is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain"), *citing McGuckin v. Smith*, 974 F.2d 1050,

5

1060 (9th Cir. 1997). The court will therefore assume at this stage of the proceedings that the plaintiff's medical needs were "serious."

The plaintiff seems also to suggest that his First Amendment rights of access to the courts and to exercise his religious beliefs were impeded as a result of his going without light and eyeglasses while confined at the Stateville Correctional Center. To prevail on a religion claim, the plaintiff will have to establish that any infringements of his religious rights were more than *de minimis. See Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999). To prevail on a court access claim, the plaintiff will have to prove that his inability to read legal materials for three weeks caused actual prejudice to a pending or contemplated case. *See, e.g., Shango v. Jurich*, 965 F.2d 289, 293 (7th Cir. 1992). But both parties' briefs fail to address those implicit claims. The court will not speculate on whether the plaintiff may have a cognizable First Amendment cause of action under the circumstances of this case.

The defendants' asserted defense of qualified immunity is without merit. State officials performing discretionary acts enjoy qualified immunity when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known at the time the incident occurred. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As discussed *supra*, however, longstanding case law has "clearly established" that prison officials may not subject prisoners to conditions of confinement that violate the Constitution and may not act with deliberate indifference to an inmate's serious medical needs. Accepting the plaintiff's allegations as true, the defendants cannot invoke qualified immunity, depending upon the extent of the plaintiff's deprivations.

The Court of Appeals has observed that qualified immunity is an issue better addressed at summary judgment and that it is "almost always a bad ground of dismissal." *Jacobs v. City of*

6

*Chicago*, 215 F.3d 758, 775 (7th Cir. 2000). In fact, a fellow judge of this court has previously directed the attention of defense counsel in this case to the *Jacobs* decision. *See Pritchett v. Page*, No. 99 C 8174, 2000 WL 1129891, at *9 (N.D. Ill. Aug. 9, 2000). As Judge Nordberg cautioned Mr. Doran, brief banks can be a handy tool for an attorney facing issues that have been litigated in prior cases. But rote reliance on legal arguments that have been explicitly rejected as "spurious," *id.*, exposes the attorney to the possibility of sanctions. If the more fully developed record shows that the plaintiff was placed in a "condemned" cell without needed medical attention for three weeks, and that the plaintiff's First Amendment rights were violated, the plaintiff may be entitled to recover damages for his injuries.

In sum, for the foregoing reasons, the defendants' motion to dismiss the case for failure to state a claim is denied. However, this order is not intended to discourage either party from filing a properly supported motion for summary judgment.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (docket #14) is denied. The defendants are directed to answer the complaint or otherwise plead within twenty-one days of the date of this order.

ENTER:

JOAN H. LEFKOW
United States District Judge

DATED: APR 0 4 2003